UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LEAL RUIZ; STEPHANIE LEAL; ALEX LEAL; MARIA LEAL, BY AND THROUGH THEIR GUARDIAN AD LITEM ALMA CHAVEZ<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1 to 20,<br><br>                                    Defendants. | Case No.:  20-CV-1921 TWR (NLS)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(ECF No. 5) |

Presently before the Court is Defendant County of San Diego's ("County") Motion to Dismiss Plaintiffs' First Amended Complaint ("Mot.," ECF No. 5). The Court held a hearing on December 2, 2020. Having carefully considered Plaintiffs' First Amended Complaint ("FAC," ECF No. 1-3), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint.

/ / /

/ / /

/ / /

1

# BACKGROUND[1]

On February 28, 2018, Deputy Sheriffs from the San Diego Sheriff's Department responded to a 911 call concerning Decedent Oscar Leal ("Decedent"), who was acting mentally unstable and was under the influence of methamphetamine.  (*See* FAC at 3.)  The Deputy Sheriffs used excessive and unreasonable physical force to subdue Decedent, which caused Decedent's death on February 28, 2018.  (*Id.*)

On January 4, 2019, the surviving wife and dependent of Decedent, Plaintiff Veronica Leal Ruiz, and the surviving children of Decedent, Plaintiffs Stephanie, Alex, and Maria Leal, through their guardian ad litem, Alma Chavez, filed their initial Complaint in state court.  (*See generally* ECF No. 1.)  On August 27, 2020, Plaintiffs filed the FAC in state court alleging two causes of action for: (1) violation of federal civil rights under 42 U.S.C. § 1983 and (2) *Monell* Municipal Liability under 42 U.S.C. § 1983.  (*See generally* ECF No. 1-3.)  On September 25, 2020, the case was removed.  Defendant filed the instant Motion on October 5, 2020.  (*See generally* Mot.)

# LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v.*

---

[1] The facts alleged in Plaintiff's FAC are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

2

*Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

### I.    Plaintiffs' Standing

As an initial matter, the Court must consider whether Plaintiffs have standing to bring § 1983 claims on behalf of Decedent. In § 1983 actions, a decedent's survivors may bring a claim for the violation of their or decedent's substantive constitutional rights. *Cotta v. Cty. of Kings*, 79 F. Supp. 3d 1148, 1158 (E.D. Cal. 2015). "The party seeking to bring

a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

California law provides that a survival action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Code § 377.30. In California, a person who seeks to commence an action as the decedent's successor in interest is required to "execute and file an affidavit or declaration" under penalty of perjury, stating (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. Cal. Civ. Code § 377.32(a). Further, if the decedent's estate was administered, the declarant must produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest. Cal. Civ. Code 377.32(a)(4).

The Court finds that Plaintiffs have not filed any declaration or affidavit as required by Cal. Civ. Code § 377.32 with their FAC. (*See generally* FAC.) Further, there are no allegations in the FAC that show Plaintiffs met the requirements for bringing a survival action.[2] (*Id.*) Accordingly, the Court **GRANTS** the Motion on the basis that Plaintiffs lack standing to pursue their § 1983 claims on behalf of Decedent.

## II.   Violation of Federal Civil Rights Under 42 U.S.C. § 1983

Defendant contends that the first cause of action should be dismissed, because the claim was brought against County alone and a local government cannot be held vicariously liable for the wrongful acts of their employees. (*See* Mot. at 6.) Plaintiffs' Opposition is

---

[2] Plaintiffs attach a successor in interest declaration in their Opposition. However, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998).

silent as to their cause of action against County for violation of Decedent's federal civil rights, and, only discusses the *Monell* cause of action.

"A local government entity . . . can only be liable under 42 U.S.C. § 1983 for its official *policies* (or its unofficial, but well-entrenched, *practices)* that violate the Constitution." *Shaw v. Baca*, No. CV 13-8873 R (RZ), 2013 WL 12333478, at *3 (C.D. Cal. Dec. 19, 2013). A local government entity cannot be vicariously liable in a § 1983 action for the wrongful acts or omissions of its employees. *Id.* Plaintiffs brought their first cause of action for violation of federal civil rights under § 1983 against County based on the Deputy Sheriffs' unreasonable and excessive use of force against Decedent.[3] Plaintiffs allege that "Decedent had constitutional interests and rights under the Fourth and Fourteenth Amendments . . . to be free from an unreasonable or excessive use of force by peace offers." (*See* FAC at 6.) County, as a local government entity, cannot be liable for the unreasonable and excessive use of force by the Deputy Sheriffs in a § 1983 action. Accordingly, the Court **GRANTS** the Motion as to Plaintiffs' first cause of action.

### III.    *Monell* **Liability Under § 1983**

Defendant argues that Plaintiffs fail to sufficiently allege an underlying constitutional deprivation, and therefore, County cannot be held liable for *Monell* Municipal Liability under 42 U.S.C. § 1983. (*See* Mot. at 6.) Defendant contends that "the FAC is devoid of any factual allegations showing that the [D]ecedent . . . was subjected to excessive force by any Sheriff's deputy." (*Id.*) In their Opposition, Plaintiffs do not directly respond to Defendant's argument. Instead, Plaintiffs state that they "have alleged . . . deputy sheriffs violated [Decedent's] constitutional rights by using excessive and unreasonable physical force to subdue him [while he was acting mentally unstable and was

---

[3] Although Plaintiffs' counsel represented during the hearing that Plaintiffs did not allege a vicarious liability claim against County, the first cause of action in the FAC alleges violation of federal civil rights under § 1983 against County, for the unreasonable and excessive use of force by the County Deputy Sheriffs. (*See* FAC at 5.)

under the influence of methamphetamine] that caused his death on February 28, 2018." (*See* Opposition at 6).

To establish *Monell* Municipal Liability under § 1983, a plaintiff must show (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997) (internal quotation marks omitted). *Monell* claims require a plaintiff to show an underlying constitutional violation. *Lockett v. Cty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that a jury's determination that an individual officer did not use excessive force precluded § 1983 on that ground). In an excessive force context, a plaintiff cannot succeed on a *Monell* claim without first establishing the deprivation of a federal right by an officer. *Lockett*, 977 F.3d at 741.

The only facts Plaintiffs allege in their FAC regarding constitutional violations are that on February 28, 2018, the Deputy Sheriffs responded to a 911 call concerning Decedent who was acting mentally unstable and was under the influence of methamphetamine and that the Deputy Sheriffs used excessive and unreasonable physical force to subdue Decedent. (*See* FAC at 5). These facts are insufficient to establish that violations of Decedent's Fourth Amendment and Fourteenth Amendment rights occurred. Accordingly, because Plaintiffs fail to show an underlying constitutional violation, they cannot establish *Monell* Municipal Liability under § 1983. *Patel v. Maricopa County*, 585 Fed.Appx. 452, 452 (9th Cir. 2014) (holding that plaintiff's "*Monell* and supervisory liability claims fail as there was no underlying constitutional violation"). Therefore, the Court **GRANTS** the Motion as to Plaintiffs' second cause of action.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 5) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint

(ECF No. 1-3) in its entirety.  Plaintiffs **MAY FILE** an amended complaint <u>on or before</u> <u>twenty-one (21) days of the electronic docketing of the Order</u>.

      **IT IS SO ORDERED.**

Dated:  December 3, 2020

Honorable Todd W. Robinson
United States District Court

20-CV-1921 TWR (NLS)