UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LEAL RUIZ; STEPHANIE LEAL; ALEX LEAL; MARIA LEAL; by and through their Guardian Ad Litem ALMA CHAVEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 20cv1921-TWR (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO CONFIRM MINOR'S COMPROMISE**<br><br>**[ECF No. 38]** |

Before the Court is Plaintiff's Motion to Confirm Minor's Compromise. ECF No. 38. This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After due consideration, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Confirm Minor's Compromise.

I.   **BACKGROUND**

Plaintiffs bring this lawsuit against the County San Diego for the death of Oscar Leal. ECF No. 15. Plaintiffs allege that Defendant's officers used excessive force to

1

subdue Mr. Leal during an arrest, which led to him being unable to breathe and causing his death. *Id.* at ¶¶ 8-10. One single cause of action remains in the complaint for a *Monell* claim against Defendant. *Id.* at ¶¶ 23-33; ECF No. 17.

Plaintiff Veronica Leal Ruiz resided with Mr. Leal, though they were not married, and is the mother to their children, Stephanie Leal, Alex Leal, and Maria Leal, who are the other named plaintiffs in this case. ECF No. 15 at ¶ 1; ECF No. 38-2 at ¶ 4-5. Stephanie is now 19, Alex is 12, and Maria is 7. *Id.* Alex and Maria remain minors and are represented through their appointed guardian ad litem, Alma Chavez, who is also Mr. Leal's sister. ECF No. 15 at ¶ 1; ECF No. 38-2 at ¶ 7.

On August 23, 2021, Plaintiff filed a Notice of Settlement, notifying the Court that the parties reached a settlement on the case. ECF No. 36. The Court subsequently set a briefing schedule to confirm the minor's compromise. ECF No. 37.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.2d at 1181 (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

20cv1921-TWR (NLS)

In this district, pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Civ. L. R. 17.1(a). In addition, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq.*" *Id.* (b)(1).

District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

### III. DISCUSSION

The parties have settled the case for a total of $115,000. ECF No. 38 at 2. As required, the Court will evaluate the fairness of the amount apportioned to minors Alex and Maria, and whether the attorney's fees portion of their settlement is appropriate.

**A. Proposed Settlement Amount to Minors**

The parties propose that the settlement amount is apportioned as follows: (1) 55% of the settlement amount will be apportioned to Veronica Ruiz; and (2) 45% of the settlement amount will be apportioned to the children, with each child receiving an equal share. ECF No. 33 at 2. For the minors Alex and Maria, this portion would equate to $17,250 each. *Id.*

As for the total amount of the settlement, Plaintiffs' counsel explains that he is experienced with trying such cases involving *Monell* liability against the County. ECF No. 38-1 at ¶¶ 9-11. He explains that cases where decedents were under the influence of narcotics at the time of their death were difficult to try as an attorney because of the public perception of the jury against this behavior. *Id.* at ¶ 12. Here, it is not disputed that Mr. Leal was under the influence of methamphetamines at the time of his arrest and death. *Id.* He explained that there is often "great deference given by the general public to the actions of law enforcement officers handling critical incidents" in such cases. *Id.* As such, he states that he believes the $115,000 amount of settlement is a reasonable compromise and good result for Plaintiffs. *Id.*

Plaintiffs explain that the split between Veronica Ruiz and the children was negotiated between Ms. Ruiz and their guardian ad litem. *Id.* at 2. The reason that Ms. Ruiz is allocated more is because she has been the sole provider of the children since their father's death. *Id.* She explains that she provides $700-900 each month as sole support for the family. ECF No. 38-2 at ¶ 6. She will continue to provide for them in the same manner until they are adults, and has agreed to use her share of the settlement to provide for her family, in particular to move to a larger home. ECF No. 38 at 2; ECF No. 38-3 at ¶ 5. All three children still live with her. ECF No. 38-2. Even though Stephanie is over 18, she is attending junior college, working part-time as a receptionist, and still living in the family's two-bedroom apartment. ECF No. 38-2 at ¶ 6.

As to the manner of distribution to the minors Alex and Maria, Plaintiffs propose that the amounts will be deposited in insured blocked accounts at the branch of Wells Fargo Bank, located at 930 S. Santa Fe Dr., Vista, CA 92084. ECF No. 38 at 2-3. Any withdrawal before reaching the age of majority would be subject to court authorization. *Id.* at 3. The balance of the account would be payable to the minors after they reach the age of 18, for Alex Leal on April 17, 2027, and for Maria Leal on December 26, 2031. *Id.*

The Court finds that the total amount of the settlement and the apportionment of the settlement proceeds to be fair and equitable under the circumstances. In addition, the Court finds that the manner of distribution to be satisfactory to protect the interests of the minors until they reach the age of majority. Accordingly, the Court approves of each minor Plaintiff, Alex and Maria, receiving **$17,250** as their portion of the settlement.

### B. Attorney's Fees

Next, the Court turns to the issue of attorney's fees. As a threshold matter, the Court notes that under *Robidoux*, it is not tasked with reviewing or adjusting the fee agreement between adult Plaintiffs and their counsel. *See* 638 F.3d at 1181-1182. Accordingly, the Court leaves intact the agreement between Veronica Leal and her counsel that 40% of the gross recovery from the lawsuit would be paid as fees on her share. ECF No. 38-1 at ¶ 7.

As to the minors, district courts in California apply California law to evaluate calculations of attorney's fees for minor plaintiffs. *See A.G.A. v. Cty. of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019). In the Southern District of California, Local Rule 17.1 states, "[n]o action by or on behalf of a minor . . . will be settled . . . without court order or judgement. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." CivLR 17.1. The rule also states that "money or property recovered by a minor . . . by settlement or judgment must be paid and distributed in accordance with California Probate Code Section 3600, et seq." *Id.* California Probate Code Section 3601 requires courts to approve "reasonable expenses . . . including . . . attorney's fees." Further, California Rules of Court 7.955 states that "[i]n all cases under . . . Probate Code sections 3600-3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability." Cal. Rules of Court 7.955(a)(1); *see id.* 7.955(b) (listing factors to consider in determining reasonable fees).

5

Plaintiffs' counsel states that his fees as to the minors (and for Stephanie who is now no longer a minor) is 20% of their recovery.  ECF No. 38 at 3.  Plaintiffs' counsel argues that this fee is reasonable in light of his skill and experience with such cases, the contingency fee agreement, and the result achieved for Plaintiffs.

After review, the Court agrees that the 20% fee to the minor Plaintiffs is reasonable.  Accordingly, for each of Alex and Maria, 20% of their recovery would be paid as attorney's fees, which equates to **$3,450** each.

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons as discussed above, the Court **RECOMMENDS** that the District Court **approve** the revised settlement agreement.

Consistent with the agreement, each of the minors would receive **$17,250** as their portion of the settlement.  The funds will be deposited in insured blocked accounts at the branch of Wells Fargo Bank, located at 930 S. Santa Fe Dr., Vista, CA 92084, with any withdrawal before reaching the age of majority subject to court authorization and the balance of the account payable to the minors after they reach the age of 18.  The Court also approves attorney's fees for the minor Plaintiffs at 20% of their recovery, which equates to **$3,450** for each minor.

**IT IS ORDERED** that no later than **October 12, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

//
//
//
//
//
//

1   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with
2   the Court and served on all parties no later than **October 19, 2021**.
3   **IT IS SO ORDERED.**
4   Dated:  September 27, 2021

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge